UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-9227-MWF (JEMx) | Date: April 3, 2019 |
| Title: Vanessa Zambrano v. Rite Aid Corporation, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:　　　　　　　　　　　Court Reporter:
Rita Sanchez　　　　　　　　　　　　Not Reported

Attorneys Present for Plaintiff:　　　Attorneys Present for Defendant:
None Present　　　　　　　　　　　None Present

**Proceedings (In Chambers):**　　　ORDER RE: MOTION FOR ORDER REMANDING ACTION TO STATE COURT [27]

Before the Court is Plaintiff Vanessa Zambrano's Motion for Order Remanding Action to State Court (the "Motion"), filed on January 29, 2019. (Docket No. 27). Defendants Rite Aid Corporation, et al. ("Rite Aid" or "Defendant") filed an Opposition on February 25, 2019. (Docket No. 32). Plaintiff filed a Reply on March 4, 2019. (Docket No. 35).

The Court reviewed and considered the papers submitted on the Motion and held a hearing on March 18, 2019.

For the reasons set forth below, the Motion is **DENIED**. The First Amended Complaint alleges damages in excess of $75,000, which is sufficient to confer diversity jurisdiction upon this Court.

## I. BACKGROUND

Plaintiff Vanessa Zambrano commenced this action on August 31, 2018, in Los Angeles County Superior Court. (*See* Notice of Removal, Ex. A (Docket No. 1)). The action was removed on October 26, 2018, pursuant to this Court's diversity jurisdiction. (*Id.* at 8-11). The First Amended Complaint ("FAC") was filed on January 7, 2019. (Docket No. 21).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9227-MWF (JEMx)                Date:  April 3, 2019
Title:    Vanessa Zambrano v. Rite Aid Corporation, et al.

The FAC asserts six claims for relief: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, *et seq.*; (2) retaliation in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; (3) failure to prevent discrimination and retaliation in violation of FEHA, Cal. Gov't Code § 12940(k); (4) failure to provide reasonable accommodations in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; (5) failure to engage in a good faith interactive process in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; and (6) wrongful termination in violation of California public policy.  (*Id.* ¶¶ 40-93).

The following summarizes Plaintiff's allegations:

On October 15, 2000, Plaintiff was hired to work as a full-time, non-exempt merchandiser.  (*Id.* ¶ 19).  Plaintiff performed all of her job duties satisfactorily before Plaintiff was terminated on October 25, 2017.  (*Id.*).

On May 11, 2017, Plaintiff was injured when she slipped and fell over wooden pallets while pulling a dolly.  (*Id.* ¶ 20).  Plaintiff attempted to complete her work-day but was unable to do so due to the severity of the injury.  (*Id.*).  That same day, Plaintiff notified the store manager, Jessica Doe, of her medical condition.  (*Id.* ¶ 21).  Ms. Doe granted Plaintiff's request to take the day off so that Plaintiff could seek medical attention.  (*Id.*).

Plaintiff went on temporary disability leave from May 12, 2017, to September 3, 2017.  (*Id.* ¶ 25).  On September 3, 2017, Plaintiff informed her supervisor, Mark McCughey, that she was released to work without restrictions.  (*Id.* ¶ 26).  Mr. McCughey instructed Plaintiff to contact Melissa Foster in Human Resources to coordinate Plaintiff's return.  (*Id.*).  That same day, Plaintiff called Ms. Foster, who informed Plaintiff that her position had already been filled.  (*Id.* ¶ 27).  Ms. Foster informed Plaintiff that she would look for another position for her.  (*Id.*).

On September 17, 2017, Ms. Foster offered Plaintiff a stocker position that paid significantly less than what Plaintiff was making as a merchandiser.  (*Id.* ¶ 28).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9227-MWF (JEMx)          Date:  April 3, 2019
Title:     Vanessa Zambrano v. Rite Aid Corporation, et al.

Plaintiff declined the position, and Ms. Foster informed Plaintiff that she would continue to look for alternate positions.  (*Id.*).

Plaintiff called Ms. Foster several times to follow up on the search, but none of her calls were answered or messages returned.  (*Id.* ¶ 29).  Plaintiff was not offered any other alternate positions.  (*Id.*).  Plaintiff was terminated from her employment on October 25, 2017.  (*Id.* ¶ 30).

## II.     LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal.  First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy.  *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9227-MWF (JEMx)           Date:  April 3, 2019
Title:    Vanessa Zambrano v. Rite Aid Corporation, et al.

(N.D. Cal. Nov. 4, 2003).  "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted).

## III.  **DISCUSSION**

As a preliminary matter, Plaintiff argues that Defendant improperly removed the action in the first instance "by failing to submit admissible evidence to support the assumptions on which the amount in controversy is calculated[.]"  (Mot. at 11).  The law is clear, however, that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

Next, Plaintiff argues that Defendant has not met the amount in controversy requirement and relies improperly on purported damages beyond the time of removal to make its claim that the jurisdictional threshold has been met.  (Mot. at 1).

Defendant argues in response that the FAC *expressly* provides that "Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court," (FAC ¶ 38), and that Plaintiff cannot escape her own binding admissions.  (Opp. at 4).  Defendant further points out that, as to punitive damages, Plaintiff also claims damages "in excess of the jurisdictional minimum of this Court."  (Opp. at 4 (citing FAC ¶ 39)).

Plaintiff argues that none of the allegations in the FAC may be considered in determining whether the amount in controversy is met because the amount in controversy is determined by the complaint operative at the time of removal.  (Mot. at 3 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint operative at the time of removal[.]"))).  However, the Ninth Circuit has observed that, "[a]lthough normally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-9227-MWF (JEMx)          Date: April 3, 2019
Title:     Vanessa Zambrano v. Rite Aid Corporation, et al.

jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments, that rule applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed," rather than cases "where the amended complaint solidifie[s] rather than destroy[s] federal jurisdiction." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (considering federal claim added in amended complaint after removal in assessing whether district court had jurisdiction at time of final judgment) (internal quotation marks and citation omitted); *see Fefferman v. Dr Pepper Snapple Grp., Inc.*, No. 313CV00160HKSC, 2013 WL 12114486, at *2 n.2 (S.D. Cal. Mar. 12, 2013) (considering the relief in the original complaint as further noted in the amended complaint to determine the amount in controversy).

At the hearing, Plaintiff explained that to the extent she alleges damages "in excess of the jurisdictional minimum of this Court" in paragraphs 38 and 39 of the FAC, Plaintiff meant the $25,000 jurisdictional minimum for unlimited civil cases in the Los Angeles Superior Court where the case was originally filed. Dropping the third person momentarily, I'm old enough to remember pre-unification practice between the Superior and Municipal Courts, which endures in the differences between divisions and departments. But even if the Court credits Plaintiff's explanation, Plaintiff's asserted lost wages alone meet the $75,000 jurisdictional minimum of this Court.

### A. Lost Wages

Defendant argues that the Court should consider Plaintiff's lost wages through the trial date on October 15, 2019, as part of the amount in controversy. (Opp. at 10). Plaintiff argues that lost wages should only form part of the amount in controversy until the date of removal. (Mot. at 6).

The Court agrees with Defendant. Defendant correctly notes that the Ninth Circuit recently stated that, for purposes of determining the amount in controversy, "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9227-MWF (JEMx)                Date:  April 3, 2019
Title:      Vanessa Zambrano v. Rite Aid Corporation, et al.

then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez*, 888 F.3d at 417.  Accordingly, "[w]here, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy." *Id.* at 418.  In the FAC, Plaintiff explicitly alleges that "[a]s a result of Defendants' actions, Plaintiff has suffered and will continue to suffer . . . past and future lost wages and benefits."  (FAC ¶ 36).  The Court therefore considers Plaintiff's lost wages until the trial date on October 15, 2019.  *See Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *3 (C.D. Cal. Aug. 14, 2018) (considering future lost wages to date of trial in calculating amount in controversy).

      Here, Plaintiff's 2017 W-2 indicates that Plaintiff earned $17,032.63 between January 2, 2017, and May 12, 2017, which includes 38 hours of vacation time that Plaintiff redeemed in October 2017.  (Declaration of Denise Hondorf ("Hondorf Decl.") ¶¶ 4-5 (Docket No. 32-1)).  Therefore, Plaintiff worked 20 out of 52 weeks in 2017, during which time Plaintiff earned a base hourly rate of $14.16 per hour.  (*Id.* ¶ 4).  Given that Plaintiff worked 20 weeks and earned $17,032.63 over that time period, Plaintiff earned approximately $852 per week.  On May 13, 2017, Plaintiff commenced a leave of absence until her employment was terminated on October 25, 2017.  (*Id.* ¶ 5).  Plaintiff does not appear to dispute that, had she continued to work for Defendant after her termination, Plaintiff would have earned $44,304 until the time of removal of the action to this Court.  (Reply at 6).  In addition, between the time of removal and the trial date, Plaintiff would have worked over 50 weeks, earning approximately $42,600.  Therefore, between Plaintiff's termination and the trial date in October 2019, Plaintiff would have earned approximately $86,904.  This alone is sufficient to meet the jurisdictional minimum of this Court.

### B.   Punitive Damages

      Furthermore, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action, where they are recoverable under one or more of the plaintiff's claims for relief."  *Ponce v. Med. Eyeglass Ctr., Inc.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9227-MWF (JEMx)			Date:  April 3, 2019
Title:     Vanessa Zambrano v. Rite Aid Corporation, et al.

215CV04035CASJEMX, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015) (internal quotation marks omitted).  Here, Plaintiff's action is brought pursuant to FEHA, under which punitive damages are available.  "Where the plaintiff seeks punitive damages but does not specify a particular amount, the defendant 'may introduce evidence of jury verdicts in cases involving analogous facts' in order to establish probable punitive damages."  *Id.* (quoting *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)).

Defendant notes that it described in the Notice of Removal several cases involving similar causes of action and substantial punitive damages awards.  (Opp. at 12).  In the Notice of Removal, Defendant describes single-plaintiff disability discrimination cases with punitive damage awards up to $825,000.  (Notice of Removal at 15).  For example, in *Abarca v. Citizens of Humanity L.L.C.*, Superior Court of Los Angeles, Case. No. BC521900 (March 9, 2017) (Frederick C. Shaller, J.), a Los Angeles jury awarded the plaintiff $550,000 in punitive damages alone for various disability discrimination-related claims.  (*Id.*).

The Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on her FAC.  *See Ponce*, 2015 WL 4554336, at *5.  In *Simmons*, the district court found that, although the facts of its own case were "far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award."  209 F. Supp. 2d at 1033.  Likewise, the Court here concludes that the amount in controversy here should include a punitive damages award.

The Court also notes that Plaintiff's refusal to stipulate to damages of $75,000 or less, while not determinative, is persuasive.  Plaintiff argues that her refusal is irrelevant because it does not relieve Defendant from its obligation to establish the amount in controversy (Reply at 4-5), but other district courts have found such a refusal "weighs in favor of a determination that the amount in controversy exceeds $75,000," especially where, as here, Plaintiff provides no evidence that it does not.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-9227-MWF (JEMx)          **Date:** April 3, 2019
Title:      Vanessa Zambrano v. Rite Aid Corporation, et al.

*See, e.g.*, *Sawyer v. Retail Data, LLC*, No. SACV 15-0184 JVS, 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015).

     Based on Plaintiff's claim for lost wages and punitive damages, the Court has no difficulty concluding that the threshold amount in controversy is met here.

## IV.   **CONCLUSION**

     For the foregoing reasons, the Motion is **DENIED**.

     IT IS SO ORDERED.